FILED'10 APR 29 15:29 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

QUENTIN TITUS NICHOLIS,

        Petitioner,        Civil No. 09-567-CL

        v.                       REPORT AND
                                    RECOMMENDATION
RICK COURSEY,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment of Conviction and Sentence, dated February 16, 2000, from Multnomah County Circuit Court Case No. C9907-35137, after convictions for two counts of Robbery in the First Degree and one count of Assault in the Second Degree.[1] Following a jury trial, the court sentenced

---

[1] Petitioner is also in custody on a conviction for Supplying Contraband, but that conviction is not challenged in this proceeding.

1 - REPORT AND RECOMMENDATION

petitioner to concurrent 90 month prison terms on each of the Robbery convictions and to a consecutive 70 month term of imprisonment on the Assault conviction. In Sum, petitioner was sentenced to 160 months of imprisonment. Exhibit 101.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Exhibits 103 - 107.

Petitioner filed an amended petition for post-conviction relief in Marion County Circuit Court, but the court denied relief; the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 125 - 130.

Petitioner filed a petition under 28 U.S.C. § 2254 which is construed as incorporating the claims petitioner raised in the state of Oregon appellate courts. See Petition (#1) Attachment A.

From Petitioner's direct appeal (exhibit 103)

Ground One: The court erred in denying defendant's motion to suppress the identification of the automobile.

Ground Two: The court erred in denying defendant's motion to suppress his statements and evidence obtained thereby.

Ground Three: The court erred in denying defendant's motion to admit evidence of the testimony of Gabriel Chiles.

Ground Four: The court erred in denying defendant's motion to admit evidence of Detective Krohn's conduct in the Fundleand case.

Ground Five: The court erred in not allowing the jury to hear what the sentence would be in the case.

Ground Six: The court erred in denying defendants motion for judgment of acquittal.

2 - REPORT AND RECOMMENDATION

Ground Seven:   The Court erred in not making findings of the fact in order to justify a consecutive sentence.

From the PCR appeal Appellant's Brief (Exhibit 125):

Ground Eight: The post-conviction trial court erred in denying petitioner's motion for funds to obtain an investigator to locate and interview witnesses for petitioner.

From the PCR Pro Se Supplemental Appellant's Brief (Exhibit 126):

Ground Nine:  Trial counsel failed to investigate and/or call LaShonda Davis as a witness.

Ground Ten:   Trial counsel failed to object when the trial judge failed to have a qualified interpreter sworn to interpret the testimony of the alleged victims, Mr. and Mrs. Yi.

Ground Eleven:  Trial counsel failed to establish the identity of State's witness, and one of the alleged victims of the robbery, Mrs. Sang Yi.

Ground Twelve:  Trial counsel failed to object that the jury pool of 36 members had only two African-Americans in it; that the prosecutor exercised his peremptory challenge to remove the only two African-American from the jury pool; and that the trial jury had no African-American members.

Ground Thirteen:   Trial counsel failed to object to the court's failure to make the necessary findings of fact to support the court's consecutive sentences.

Respondent contends:  "Relief on all of these claims should be denied.  First, three of the seven claims that petitioner raised on direct appeal and one of the claim that he raised in his PCR appeal did not concern a matter of state law. (sic) [2]  Second, most of petitioner's claims are procedurally defaulted because they were not "fairly

---

[2] "State law" is apparently an inadvertent mis-statement of respondent's argument. Respondent argues *infra* that these claims did not concern *federal* law and are therefore not appropriate for habeas review.

3 - REPORT AND RECOMMENDATION

presented" to Oregon's Supreme Curt as required by the doctrine of exhaustion. Third, petitioner's claims are meritless. And fourth, the state-court decisions denying relief are entitled to deference under 28 U.S.C. § 2254(d) and (e)(1). Accordingly, petitioner's habeas petition should be dismissed." Response to Petition (#12) p. 1-2.

Petitioner did not file a brief in support of his petition or respond to respondent's arguments within the time provided by the court's scheduling order. On December 8, 2009, the court allowed petitioner an additional 45 days to to file any additional evidence or argument in support of his claims and advised petitioner that the matter would be decided on the record before the court after the expiration of 45 days. See, Order (#20) Petitioner did not respond to the court's order.

Under 28 U.S.C. § 2254(a) federal courts may entertain applications for writs of habeas corpus by state prisoner's "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Court specifically stated that "federal habeas corpus relief does not lie for errors of state law." (quoting Lewis v. Jeffers, 497 U.S.764, 780 (1994)). Rather, "[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of [federal] constitutional demension." Wainwright v. Goode, 464 U.S. 78, 83 (1983) (citing Engle v.

4 - REPORT AND RECOMMENDATION

Issac, 456 U.S. 107 (1992)).

In Grounds Three and Four, petitioner challenges evidentiary rulings by the state trial court. In his briefs to the state appellate court, petitioner did not raise any federal issues as to these claim but rather argued that the trial court improperly applied Oregon Rules of Evidence in denying his motions to admit the testimony of Gabriel Chiles and to admit evidence of Detective Krohn's conduct in a case involving Glasper Fundleand. Exhibit 103) at p. 23 - 27.

Federal habeas corpus does not lie to determine whether evidence was improperly excluded under state law. Estelle v. McGuire, supra, at 67-68.

In Ground Seven, petitioner alleges that the sentencing court erred under state law by not making the findings of fact required by ORS 137.123 (to impose consecutive sentences). This claim, which petitioner initially raised on direct appeal, raises no issue of federal law. See, Exhibit 103 at p. 31 - 33. The Oregon state court's determination of Oregon law is not reviewable by the federal court. Mendez v. Small 298 F.3d 1158 (9th Cir. 2002). See also, Peltier v. Wright, 15 F.3d 860, 862 (9th Cir. 1994) (citing Mullaney v. Wilbur, 421 U.S. 684, 691 (1975)); Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999); Estelle v. McGuire, supra.

In Ground Eight, petitioner alleges that the PCR trial court erred in denying his motion for funds to obtain an investigator. In his PRC appeal, petitioner argues that the

5 - REPORT AND RECOMMENDATION

PCR trial court abused its discretion because he was entitled to funds to hire an investigator under ORS 138.590 (6) and (7). This claim that the PCR court improperly applied state law is not cognizable on federal habeas corpus review. See, Mendez v. Small, supra.

Petitioner's Grounds Three, Four, Seven and Eight fail to allege specific violations of the federal constitution, or any other body of federal law. Accordingly, those claims are not cognizable in this proceeding.

Respondent argues that petitioner procedurally defaulted "most" of his claims. (Grounds One, Two, Four, Six, Seven, Nine, Ten, Eleven, Twelve and Thirteen). Response (#120 P. 6.

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. The essence of the requirement is that no state remedy exists at the time the petition was filed. Rose v. Lundy, 455 U.S. 509 (1982). A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby affording the state courts the opportunity to consider the allegations of legal error and correct any violations of

6 - REPORT AND RECOMMENDATION

its prisoner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). In Oregon, this requirement is satisfied when the claim is fairly presented to the state supreme court. Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based. Id., Anderson v. Harless, 459 U.S. 4 (1982); Guizar v. Estelle, 843 F.2d 371 (9th Cir. 1988); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986). The claim must be specifically characterized in the state proceedings as "federal," Castillo v. McFadden, 370 F.3d 882, 886 (9th Cir. 2004); Baldwin v. Reese, 541 U.S. 27 (2004), and allege facts showing a right to relief. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). State appellate courts are "not required to comb the trial court's decision to discover" the federal issue. Castillo, 370 F.3d at 887.

Furthermore a petitioner must present the federal claims in a procedural context in which their merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to state Supreme Court); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim was presented in a procedurally defective manner); see also, Turner v. Compoy, 827 F.2d 526, 529 (9th

7 - REPORT AND RECOMMENDATION

Cir. 1987), cert. denied, 489 U.S. 1059, (if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief, the correct avenue must be fully exhausted).

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are technically exhausted. Coleman v Thompson, supra; Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, the claims are procedurally defaulted in federal court because they were not *properly* exhausted, O'Sullivan, 526 U.S. at 848.

If a claim is procedurally defaulted in state court, federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72 (1977); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993).

In Grounds One, Two, Four, Six and Seven, petitioner alleges claims that he raised in his appellate brief to the Oregon Court of Appeals. See, Exhibit 103. However, petitioner did not raise these claims in his petition for review to the Oregon Supreme Court. Exhibit 105. Thus, these claims were not"fairly presented" to Oregon's highest court.

Petitioner raised his claims in Grounds Nine, Ten, Eleven, Twelve and Thirteen to the Oregon Court of Appeals in

8 - REPORT AND RECOMMENDATION

his Pro Se Supplemental Appellant's Brief (Exhibit 126 at 1 - 3). However, petitioner only raised one claim - Ground Eight in this proceeding - in his petition for review to the Oregon Supreme Court. See, Exhibit 128. Accordingly, petitioner failed to "fairly present" Grounds Nine through Thirteen to the Oregon Supreme Court.

Petitioner is now barred under Oregon law from filing any additional appeals or PRC proceedings, and therefore cannot "fairly present" any additional claims to the Oregon courts.[3]

Thus, petitioner has procedurally defaulted all of the above referenced claims. Petitioner has not alleged any cause and prejudice for his procedural default or established the "fundamental miscarriage of justice" exception to the exhaustion requirement.

The only remaining claim is Ground Five - that the court erred in "not allowing the jury to hear what the sentence would be in the case." Respondent argues "[t]hat claim does not warrant relief because it was correctly denied on the merits in a state-court decision that is entitled to deference." Response (#12) p. 8.

---

[3] ORS 138.071 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after entry of final judgment. ORS 2.520 requires petitions for review to Oregon's Supreme Court to be filed within 35 days from the date of the Court of Appeals' decision. ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

9 - REPORT AND RECOMMENDATION

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

1.) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. <u>Williams v. Taylor</u>, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. <u>Id</u>.

Under the "contrary to" clause, a federal court may grant relief only if the state court either (1) applied a rule that contradicts the governing law set forth in Supreme Court cases, or (2) confronted a set of facts that was materially indistinguishable from a Supreme Court decision but nonetheless arrived at a different result. <u>Williams</u>, 529 U.S. at 406.

10 - REPORT AND RECOMMENDATION

Under the "unreasonable application" clause, a federal court may grant relief only if the state court identified the correct governing principle from the Supreme Court but unreasonably applied that principle to the facts of the petitioner's case. <u>Williams</u> 529 U.S. at 413. This clause "requires the state court decision to be more than incorrect or erroneous." <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75 (2003). Rather, the "state court's application of clearly established law must be objectively unreasonable." <u>Id</u>. It is not "an unreasonable application of clearly established Federal law" for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court. <u>Carey v. Musladin</u>, 549 U.S. 70, 76-77 (2006).

Finally, under 28 U.S.C. § 2254(d)(2), "[f]actual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." <u>Miller-el v. Cockrell</u>, 537 U.S. 322, 340 (2003). The AEDPA thus sets out a "highly deferential standard for evaluating state court rulings," which requires that state court decisions be given the benefit of the doubt. <u>Woodford v. Visciotti</u>, 537 U.S. 19 (2003) (per curiam), quoting <u>Lindh v. Murphey</u>, 521 U.S. 320, 333 n. 7 (1997). This is true even if the state court did not fully articulate their reasoning. <u>Delgado v. Lewis</u>, 223 F. 3rd 976, 982 (9th Cir. 2000) ("federal habeas review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the

11 - REPORT AND RECOMMENDATION

record is required to determine whether the state court clearly erred in its application of the controlling federal law.").

In support of Ground Five of his petition, petitioner argues that his Fourteenth Amendment due process rights were violated because the trial court denied his motion to advise the jury of the mandatory minimum sentence he would receive under ORS 137.700 if convicted. At trial, petitioner's counsel moved "to advise the jury or give notice to the jury of the mandatory minimum sentence that would attach to [petitioner] were he convicted of the crimes here." Tr. at 178; Exhibit 103 at App-13. Counsel conceded that the case law was contrary to his position. Tr. at 180. The prosecutor pointed out that ORS 136.325 prohibits the jury from being informed of any punishment that may be imposed.[4] Tr. at 182. The trial judge denied the motion. Tr. at 188-190.

Petitioner raised this claim to the Oregon Court of Appeals (Exhibit 103 at 27-29) and in his petition for review to the Oregon Supreme Court (Exhibit 105 at 1) Those courts affirmed the trial court decision. Exhibits 129 and 130.

Petitioner has not cited Supreme Court case law for his contention that not advising the jury of his potential sentence violated his Fourteenth Amendment rights. In his

---

[4]ORS 137.325 provides: Except as required by ORS 161.313 and 163.150, the jury in a criminal proceeding may not be informed of, and may not consider, any punishment that the court may impose if the defendant is convicted of the charge.

12 - REPORT AND RECOMMENDATION

arguments to the state courts petitioner relied on a federal district court case from Tennessee, <u>United States v. Datcher</u>, 830 F. Supp. 411 (M.D. Tenn. 1993). The district court holding in *Datcher* was subsequently rejected by the Sixth Circuit court of Appeals in <u>United States v. Chesney</u>, 86 F.3d 564, 574 (6th Cir. 1996) as "contrary to Supreme Court pronouncements on this issue."

The trial court decision denying the motion was neither contrary to nor an unreasonable application of any clearly established Supreme Court law, and is entitled to deference under the principles discussed above. In addition the trial court decision denying the motion to inform the jury of possible penalties was consistent with ORS 137.325 and the Supreme Court holding in <u>Shannon v. United States</u>, 512 U.S. 573, 579 (1994).

<u>Summary:</u>  Petitioner's claims in Grounds Three, Four, Seven and Eight fail to state a federal claim and are therefore not cognizable in this federal habeas corpus proceeding. Petitioner procedurally defaulted his claims in Grounds One, Two, Four, Six, Seven, Nine, Ten Eleven Twelve and Thirteen and has not establish cause and prejudice for the procedural default or that he is entitled to the "fundamental miscarriage of justice" exception to the exhaustion requirement. Petitioner's claim in Ground Five was denied by state court decisions that are entitled to deference under 28 U.S.C. § 2254(d) and are correct on the merits.

13 - REPORT AND RECOMMENDATION

Petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 29 day of April, 2010.

14 - REPORT AND RECOMMENDATION

                                    Mark D. Clarke
                                    United States Magistrate Judge

15 - REPORT AND RECOMMENDATION